# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| ZIAD H. AL-SAOUDI, ) | Case No. 10-44521-drd-11 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION

This matter is before the Court on ReadyCap Lending, LLC's ("ReadyCap") Motion to Vacate the Order of Discharge (the "Motion")[1]. For all the reasons set forth below, the Court will deny the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Debtor entered into a loan agreement with CIT Small Business Lending Corporation ("CIT"). In 2009, Debtor filed a Chapter 13 bankruptcy petition which was subsequently dismissed in 2010. Debtor filed a second bankruptcy case under Chapter 11 on August 24, 2010, and an Order confirming Debtor's First Amended Chapter 11 Plan (the "Confirmed Plan") was entered on July 13, 2011. The Confirmed Plan provided that Debtor would make monthly payments on the $303,245.78 secured portion of CIT's allowed claim with the final payment on the twentieth anniversary of the effective date. In addition, Debtor was to pay $27,612.89 on account of the $336,418.28 unsecured portion of CIT's claim with final payment also on the twentieth anniversary of the effective date. The Confirmed Plan also gave CIT a security interest in Debtor's business, The Smuggler's Inn real property. CIT assigned its

---

[1] Debtor's objection to claim in Case no. 19-40354 is also at issue.

claim and security interest to ReadyCap on May 16, 2014, and ReadyCap notified Debtor of such assignment on July 3, 2014[2].

On March 16, 2017, Debtor filed a Motion for Entry of Chapter 11 Discharge Due to Plan Completion. Neither CIT nor ReadyCap objected, and the Court entered an Order discharging Individual Debtor after Completion of Chapter 11 Plan on April 7, 2017[3]. That case was dismissed for failure to pay Trustee's fees on November 7, 2017. On October 22, 2019, ReadyCap filed a Motion and Memorandum in Support to Vacate the Order of Discharge. Debtor opposes such motion.

On February 19, 2019, Debtor filed a Chapter 13 case (Case No. 19-40354) and ReadyCap filed a proof of claim (Claim No. 1-1) in the amounts due under the prior Confirmed Plan but then filed an amended proof of claim in the amount of $757,381.22[4]. Debtor objected to the amended proof of claim on the basis that it should be allowed in the amounts established by Debtor's 2011 confirmed plan.

## II.  LEGAL ANALYSIS

ReadyCap argues that the discharge should be vacated because it did not receive notice of the Motion for Discharge; the Motion for Discharge was filed and granted based upon false and fraudulent information from Debtor that he had completed all payments under the plan; and the Motion for Discharge was filed and granted in contravention of 11 U.S.C. § 1141(d)(5)(A).

---

[2] On October 15, 2015, ReadyCap, through counsel, notified Debtor that he was in default of the Confirmed Plan and quoted the relevant portions of the Confirmed Plan. It is noteworthy that ReadyCap was clearly aware of Debtor's bankruptcy and sought to enforce the Confirmed Plan at this time. However, this notice of default does not prove that Debtor was in default at the time of entry of discharge in 2017.

[3] The Court, through clerical error, vacated the discharge order on March 1, 2019, but on Debtor's motion, reinstated the discharge on October 8, 2019.

[4] ReadyCap still did not object to the discharge order.

2

Debtor argues that ReadyCap's Motion to Vacate Discharge should be barred as untimely under Fed.R.Civ.P. 60 because a bankruptcy discharge order is a final judgment and a motion to vacate must be filed within one year of entry of the order. Thus, Rule 60 provides the only grounds upon which relief from an order granting a discharge may be granted. Debtor asserts that ReadyCap's arguments fall under Rule 60(b)(1) (excusable neglect), (b)(3) (fraud on a party), and (d) (fraud on the court).

Rule 60(b) provides, in relevant part, that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… (1) mistake, inadvertence, surprise, or excusable neglect;… or (3) fraud…, misrepresentation, or misconduct by an opposing party. . . . (d) This rule does not limit a court's power to:…(3) set aside a judgment for fraud on the court." The Court agrees that ReadyCap's motion to vacate falls under the Rule 60(b) rubric. Its assertions fall under the excusable neglect and fraud or misrepresentation by an opposing party sections.

The fraud on the court contemplated by Rule 60(d), which does not have a one year time limit, is of a type not alleged or present here. That type of fraud has been defined as egregious misconduct such as bribery or fabrication of evidence. *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) ("fraud on the court which justifies vacating a judgment is narrowly defined as 'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'") A finding of fraud on the court under this standard "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel...." *Greiner v. City of Champlin,*

152 F.3d 787, 789 (8th Cir.1998) (quoting *Landscape Properties, Inc. V. Vogel,* 46 F.3d 1416, 1422 (8th Cir.1995)). This is not the type of fraud ReadyCap has alleged. Its fraudulent allegations consist of a misrepresentation by Debtor in the motion for discharge that he had completed all payments under his plan. While the Court of course does not condone a misrepresentation or fraudulent statement contained in a motion for discharge such as that alleged by ReadyCap, it does not rise to a "most egregious misconduct directed to the court itself." *Id.* Thus, the Court will focus on the 60(b) assertions.

Importantly, as Debtor points out, a Rule 60(b) motion must be brought within one year of the entry of the judgment sought to be set aside. The original discharge order was entered on April 7, 2017, so the one year deadline for ReadyCap to file a motion for relief from that discharge order was April 7, 2018. ReadyCap did not file its motion to vacate discharge until October 22, 2019.

ReadyCap asserts that the one year notice should not apply because it did not receive notice of Debtor's Motion for Discharge. It claims that Debtor and his counsel were advised that CIT had assigned the claims to ReadyCap and were provided notice of assignment and where to send payments. Because Debtor had actual and constructive knowledge of the assignment of the claim from CIT to ReadyCap, ReadyCap claims that Debtor should have provided it notice of the motion for discharge and that Debtor failed to do so.

Debtor claims that ReadyCap did not receive notice of the motion for discharge due to its own failure to file a notice of transfer of claim under Rule 3001(e). Debtor also contends that notice was provided to CIT as the claimholder listed on the creditor matrix.

Rule 3001(e) serves "the interests of sound administration" of a bankruptcy case and this case is an example of the problems a creditor's failure to file a notice of transfer can cause to the administration of a bankruptcy case. Rule 3001(e) provides notice that the original holder of a claim against the estate is no longer an interested party with respect to that claim. The transfer notice is filed in the name of the transferee and entitles the transferee-claimant to all notice of actions affecting its claim. *See In re Ellington*, 151 B.R. 90, 96 (Bankr. W.D. Tex. 1993); *see also In re Temso NC, Inc.*, 537 B.R. 108 (Bankr. D.P.R. 2015)(finding it was responsibility of creditor to notify Bankruptcy Noticing Center of change of email address, names and mailing address). "When a party fails to file a statement of transfer of claim, that party proceeds at its own risk that the wrong party will receive notice of claims objections." *Id.* While *Ellington* was dealing specifically with notice of claims objections, the failure of a transferee to file a statement of transfer of claim carries the same risk that the transferee will not receive notice of other pleadings and motions filed in the case. This Court agrees that ReadyCap, as a transferee, bore the burden to file a notice of transfer and failed to do so. Its failure to file the required notice of transfer caused it to not be added to the creditor matrix and receive notice of filings. Furthermore, the Court notes that while ReadyCap may not have received notice of the filing of the motion for discharge via the creditor matrix noticing system, it did have actual notice of the bankruptcy as evidenced by the notice of default it mailed to Debtor on October 15, 2015. That letter

5

specifically referenced Debtor's Chapter 11 bankruptcy plan and quotes the portion of the plan that dealt with CIT's claim. Additionally, the July 3, 2014, letter sent by ReadyCap to Debtor informing him that his CIT loan had been transferred to ReadyCap states that "[t]he team you have worked with at CIT Small Business Lending will continue to serve you at ReadyCap Lending LLC." This is an indication that the same individuals that had received prior bankruptcy notices at CIT were still handling the same loan/claim.

Thus, ReadyCap bore the burden to file the notice of transfer of its claim from CIT and bore the risk that resulted from such failure, i.e., failure to receive notices of filings. Further, such notices were still sent to CIT and the same group of persons was handling Debtor's loan after transfer. Taking into consideration all of these facts, the Court finds it disingenuous for ReadyCap to assert that it never received notice of Debtor's motion for discharge two years after the Order granting the motion was entered. The Court finds that ReadyCap's motion to vacate the discharge order is untimely under Rule 60(b). Absent strict compliance with the Rules, courts have generally not permitted a creditor to challenge the effect of an order discharging a debtor. *See e.g., In re Lohr*, 377 B.R. 934 (Bankr. M.D. Fla. 2006)(holding order discharging Chapter 13 debtor once debtor obstensibly completed payments under confirmed plan could not be collaterally attacked under 60(b) where creditor waited nearly 5 years after discharge order was entered without moving to revoke order as having been fraudulently obtained and without moving for relief therefrom under Federal Rules of Civil Procedure); *see also, In re Puckett*, 193 B.R. 842 (Bankr. N.D. Ill. 1996) (court found creditor had not satisfied requirements for relief from discharge order under 60(b) and that the order therefore was not subject to such collateral attack);

*In re Trembath*, 205 B.R. 909 (Bankr. N.D. Ill. 1997)(collateral attacks on final Discharge Orders are "severely restricted").

ReadyCap also claims that Debtor committed fraud or misrepresentation by claiming in his motion for discharge that all payments under the plan were complete. ReadyCap asserts that under §1141(d)(5), the Court could not grant the discharge if all payments under the plan were not complete, that the Court did so in error and that it should vacate the discharge pursuant to its equitable powers under §105. Because the Court has determined that ReadyCap's motion to vacate discharge was untimely, its other arguments are moot.

Although section 105(a) confers equitable authority to carry out the provisions of the Code, the Court may not do so by taking action that the Code prohibits. *See Law v. Siegel*, 571 U.S. 415 (2014). Section 105(a) should not be used to vary the deadlines in the Bankruptcy Rules. *See In re Sunland, Inc.*, 534 B.R. 793 (Bankr. D.N.M. 2015). Further, relief is granted only when 'new and unforeseen conditions' cause 'extreme and unexpected hardship' so that the 'decree is oppressive.' *See In re Woodcock*, 326 B.R. 441, 447 (B.A.P. 8th Cir. 2005). The Court cannot find that such conditions exist here because, as stated above, ReadyCap failed to file a notice of transfer of claim, had actual knowledge of the bankruptcy and still has its rights under the confirmed plan which include payments from the Debtor and a security interest in Debtor's real property.

### III. CONCLUSION

For the foregoing reasons, the Court denies ReadyCap's Motion to Vacate Discharge.

DATED:      January 27, 2020                    /s/ Dennis R. Dow

                                                 HONORABLE DENNIS R. DOW
                                                 UNITED STATES BANKRUPTCY JUDGE